UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **ADRIANA RIVERA,** | : |
| Plaintiff, | : |
| v. | : No. 3:06CV00531(DJS) |
| **CORPORATE RECEIVABLES, INC.,** | : |
| Defendant. | : |

### MEMORANDUM OF DECISION

Plaintiff Adriana Rivera ("Rivera") filed this action against defendant Corporate Receivables, Inc. ("CRI"), alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. Plaintiff also brought a state law claim for intentional infliction of emotional distress. Now before the court is CRI's motion to dismiss (dkt. # 13) plaintiff's claim for intentional infliction of emotional distress. For the reasons set forth herein, defendant's motion **(dkt. # 13)** is **DENIED.**

### I. FACTS

The facts are drawn from Rivera's Complaint and are accepted as true for purposes of ruling on the pending motion to dismiss. Rivera and her grandson cosigned a credit card account, which was used to purchase a motorcycle. In late 2005, CRI began contacting plaintiff by telephone regarding the collection of the

1

unpaid credit card account.  Rivera disputed the debt and told the CRI representative that it was her grandson's account and that she was not able to pay the amount owed.  Defendant then threatened to have Rivera arrested and informed her that she would go to jail if she did not pay the debt.  Rivera claims that CRI continued to call her and to threaten her multiple times each day.  She further alleges that CRI called her with the intent to annoy, abuse, and harass her and to cause her distress.  In addition, she asserts that the frequency of the calls and threats caused her distress and exacerbated her blood pressure, diabetes, and ulcers.

## II. DISCUSSION

Rivera sets forth two causes of action in her complaint. Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, CRI moves to dismiss the Second Count of plaintiff's complaint.

### A. STANDARD

When considering a 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). Dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear

that no relief can be granted. See Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transport Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

   B. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

  Rivera has stated a claim upon which relief may be granted. Intentional infliction of emotional distress is a tort under Connecticut common law. To recover damages on a claim of intentional infliction of emotional distress under Connecticut law, the plaintiff must show:

> (1) that the actor intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.

Peytan v. Ellis, 200 Conn. 243, 253 (1986), superseded by statute on other grounds as recognized in Chadha v. Charlotte Hungerford

Hosp., 272 Conn. 776 (2005).  Liability exists "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Appleton v. Board of Educ. of Town of Stonington, 254 Conn. 205, 210-211 (2000) (citing 1 Restatement (Second) of Torts § 46, comment (d) (1965)).  "Mere insults or verbal taunts do not rise to the level of extreme and outrageous conduct even when they include obnoxious activity like threats, insults or taunts."  Ferraro v. Stop & Shop Supermarket Co., No. CV 960388031S, 2000 Conn. Super. LEXIS 1404, at *10-11 (Conn. Super. May 25, 2000).  Even so, "a very wide range [of] conduct has the capacity to be found 'extreme and outrageous' enough to constitute intentional infliction of emotional distress."  Longo v. Waterbury Hosp. Health Ctr., No. CV030176553S, 2005 WL 407785, at *2 (Conn. Super. Jan. 14, 2005).  "Whether the defendant's conduct and the plaintiff's resulting distress are sufficient . . . to satisfy . . . these elements is a question, in the first instance, for [the] court.  Only where reasonable minds can differ does it become an issue for the jury."  Bell v. Board of Educ., 55 Conn. App. 400, 409-10 (1999) (citation omitted).

    Here, Rivera alleges that CRI intentionally caused her emotional distress when it called her multiple times each day in an attempt to collect a debt that she disputed with the

representative.  She further alleges that defendant knew or should have known that threatening her with imprisonment would likely cause her emotional distress.  In addition, she claims that CRI's conduct caused her to sustain severe emotional distress and exacerbated her blood pressure, diabetes, and ulcers.  CRI counters that plaintiff's allegations are insufficient to support a cause of action for intentional infliction of emotional distress.  According to CRI, even if the conduct plaintiff complains of is true, this conduct is not sufficiently "extreme or outrageous" to support a claim for intentional infliction of emotional distress.

It would be possible for a reasonable person to conclude that defendant's collection tactics are intolerable in a civilized community.  Although it appears that plaintiff incurred the debt by cosigning on the credit card account, threatening her with imprisonment and calling her multiple times each day could rise to the level of extreme and outrageous conduct. See Longo, 2005 WL 407785, at *10 (holding that when plaintiff's intentional infliction of emotional distress claim was premised upon a hospital's collection tactics, which included numerous telephone calls and threats to plaintiff, plaintiff's claim could survive hospital's motion to strike); McHugh v. Check Investors, Inc., No. 5:02cv00106, 2003 U.S. Dist. LEXIS 9065, at *11 (W.D. Va. May 21, 2003)(holding that threatening to arrest and imprison a

plaintiff for nonpayment of an already-satisfied debt was clearly intended to cause plaintiff severe emotional distress); Fisher v. Padilla, No. CV064009213S, 2006 WL 2053511, at * 3 (Conn.Super. June 30, 2006) (denying motion to strike intentional infliction of emotional claim where plaintiffs alleged that defendant wrote a letter threatening to have them arrested and then arranged for a police officer to call the plaintiffs threatening the same, despite the fact that plaintiffs did not commit a crime); Black v. Aegis Consumer Funding Group, Inc., No. 99-0412-P-S, 2001 U.S. Dist. LEXIS 2632, at *24 (S.D. Ala. Feb. 8, 2001) (finding that creditor's systematic campaign of harassment and intimidation was reckless and intentional and caused plaintiff and her family to suffer anxiety, concern, fear, and mental anguish).  The allegations in Rivera's complaint are sufficient to show that CRI utilized collection tactics that were tasteless and offensive. It would be possible for a reasonable person to conclude that CRI's repeated phone calls and threats to have Rivera arrested were extreme and outrageous.  As such, CRI's motion to dismiss the intentional infliction of emotional distress claim is denied without prejudice to raising the issue in a motion for summary judgment.

III. CONCLUSION

For the foregoing reasons defendant's to dismiss **(dkt. # 13)** is **DENIED.**

So ordered this 20th day of October, 2006.

                                            **/s/DJS**
                               **DOMINIC J. SQUATRITO**
                     **UNITED STATES DISTRICT JUDGE**